**FILED**
CLERK, U.S. DISTRICT COURT

02/19/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ E.C. _____ DEPUTY

**UNDER SEAL**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

March 2024 Grand Jury

| UNITED STATES OF AMERICA, | Case No. 8:25-cr-00018-JVS |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute Methamphetamine, Cocaine, and Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C): Distribution of, and Possession with Intent to Distribute, Methamphetamine, Cocaine, and Fentanyl; 18 U.S.C. § 2: Aiding and Abetting; 21 U.S.C. § 853: Criminal Forfeiture] |
| LUIS ALBERTO MARTINEZ-CASTELO, aka "Guero," JOSE ZACARIAS FLORES-DELEON, aka "Lentes," DAVID CORTEZ-PEREGRINO, aka "Miguel Gonzalez Garcia," MARK FRANCISCO MORABE, and EDWARD MURO, | |
| Defendants. | |

The Grand Jury charges:

## COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown but as early as in or around January 2021 and continuing until at least in or around January 2022, in

Orange and Los Angeles Counties, within the Central District of California, and elsewhere, defendants LUIS ALBERTO MARTINEZ-CASTELO, also known as ("aka") "Guero," JOSE ZACARIAS FLORES-DELEON, aka "Lentes," DAVID CORTEZ PEREGRINO, aka "Miguel Gonzalez-Garcia," MARK FRANCISCO MORABE, and EDWARD MURO, together with other persons, conspired to knowingly and intentionally distribute the following controlled substances:

1.    At least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii);

2.    At least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II); and

3.    At least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

B.    MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.    Defendants MARTINEZ-CASTELO and FLORES-DELEON would obtain controlled substances, including methamphetamine, fentanyl, and cocaine, from suppliers in Mexico and Southern California for further distribution within the Central District of California.

2.    Defendants FLORES-DELEON, MARTINEZ-CASTELO, and CORTEZ-PEREGRINO would broker, coordinate, and conduct drug transactions

2

involving the sale of controlled substances to drug-trafficking associates, including defendants MORABE and MURO.

3.    Defendants MARTINEZ-CASTELO, FLORES-DELEON, and CORTEZ-PEREGRINO would distribute controlled substances, including methamphetamine, fentanyl, and cocaine, to other drug-trafficking associates, including defendants MORABE and MURO, who would possess the controlled substances with the intent to further distribute them to other persons.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, on or about the following dates, defendants MARTINEZ-CASTELO, FLORES-DELEON, CORTEZ-PEREGRINO, MORABE, and MURO, together with other persons, committed various overt acts in Orange and Los Angeles Counties, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On July 27, 2021, in intercepted telephone calls and using coded language, defendant MORABE asked defendant MARTINEZ-CASTELO whether he had methamphetamine available for sale, and defendant MARTINEZ-CASTELO agreed to sell defendant MORABE four ounces of methamphetamine later that day.

Overt Act No. 2:   On July 27, 2021, defendant MORABE drove to defendant MARTINEZ-CASTELO's residence in Bellflower, California, and defendant MARTINEZ-CASTELO delivered approximately 222.9 grams of methamphetamine to defendant MORABE.

Overt Act No. 3:   On July 27, 2021, defendant MORABE knowingly possessed with intent to distribute approximately 222.9 grams of methamphetamine.

Overt Act No. 4:    On September 29, 2021, in intercepted telephone calls and using coded language, defendant CORTEZ-PEREGRINO attempted to obtain 1,000 fentanyl pills ("blues") and high-quality cocaine ("HH") from defendant FLORES-DELEON for sale to another drug-trafficking associate.

Overt Act No. 5:    On September 29, 2021, in intercepted telephone calls and using coded language, defendant FLORES-DELEON informed defendant CORTEZ-PEREGRINO that he had 1,000 fentanyl pills available at that time, but he would not have the cocaine from his supplier available until later that evening.

Overt Act No. 6:    On September 29, 2021, in an intercepted telephone call and using coded language, defendant FLORES-DELEON told defendant CORTEZ-PEREGRINO that the price for the cocaine would be $23,000 ("twenty-three") but $500 ("five hundred") less if defendant CORTEZ-PEREGRINO paid cash ("with paper") instead of taking the drugs on credit.

Overt Act No. 7:    On September 29, 2021, in intercepted calls and using coded language, defendants FLORES-DELEON and CORTEZ-PEREGRINO agreed that defendant FLORES-DELEON would deliver the 1,000 fentanyl pills to an associate of defendant CORTEZ-PEREGRINO later that day, and defendant CORTEZ-PEREGRINO agreed that he would wait to get the cocaine on a later date, once defendant FLORES-DELEON received the cocaine from his supplier.

Overt Act No. 8:    On September 29, 2021, in Garden Grove, California, defendant FLORES-DELEON delivered approximately 1,055 fentanyl pills (weighing approximately 114.6 grams) to defendant CORTEZ-PEREGRINO's associate, who was thereafter delivered the pills to defendant CORTEZ-PEREGRINO.

Overt Act No. 9:   On September 29, 2021, defendant CORTEZ-PEREGRINO knowingly possessed with intent to distribute a total of approximately 1,512 fentanyl pills (weighing approximately 166 grams) and approximately 1,441.24 grams of a mixture and substance containing a detectable amount of cocaine.

Overt Act No. 10:   On November 4, 2021, in intercepted calls and using coded language, defendants CORTEZ-PEREGRINO and FLORES-DELEON discussed the sale of 12 to 15 pounds of methamphetamine to a customer who had contacted defendant CORTEZ-PEREGRINO, and defendant FLORES-DELEON said that the price for a 12-pound transaction would be $1,100 per pound.

Overt Act No. 11:   On November 4, 2021, in an intercepted call and using coded language, defendant CORTEZ-PEREGRINO told defendant FLORES-DELEON that the customer wanted 10 pounds of methamphetamine "for sure," and defendant FLORES-DELEON agreed to hold the drugs for the deal with the customer.

Overt Act No. 12:   On November 4, 2021, in an intercepted call and using coded language, defendant FLORES-DELEON told defendant CORTEZ-PEREGRINO that he might be unable to deliver the 10 pounds of methamphetamine that night due to another obligation, but defendant FLORES-DELEON would see if defendant MARTINEZ-CASTELO ("Guero") might be able to "deliver them."

Overt Act No. 13:   On November 4, 2021, in intercepted calls and using coded language, defendant FLORES-DELEON agreed to meet with defendant CORTEZ-PEREGRINO that night in Santa Ana, California for the purpose of delivering the 10 pounds of methamphetamine to defendant CORTEZ-PEREGRINO's drug-trafficking associate.

1    <u>Overt Act No. 14:</u>   On November 4, 2021, in an intercepted call

2    and using coded language, defendant FLORES-DELEON received a call

3    from a supplier's courier, who confirmed that he was calling on

4    behalf of the supplier ("Guayaba") for the purpose of delivering

5    10 pounds of methamphetamine ("diente") to defendant FLORES-DELEON.

6    <u>Overt Act No. 15:</u>   On November 4, 2021, defendant FLORES-DELEON

7    met with his supplier's courier at a parking lot in Santa Ana,

8    California, and retrieved a gray box containing the methamphetamine

9    that would be sold that evening to defendant CORTEZ-PERERINO's

10   customer.

11   <u>Overt Act No. 16:</u>   On November 4, 2021, in an intercepted

12   telephone call and using coded language, defendant FLORES-DELEON told

13   defendant CORTEZ-PEREGRINO that he had the methamphetamine ("it")

14   with him for the transaction, and defendant CORTEZ-PEREGRINO

15   confirmed that "[t]he money [for the 10 pounds of methamphetamine

16   was] is here on hand" and told defendant FLORES-DELEON to drive over

17   to the car where he was standing to quickly deliver the

18   methamphetamine.

19   <u>Overt Act No. 17:</u>   On November 4, 2021, in a parking lot in

20   front of a bakery in Santa Ana, California, defendant FLORES-DELEON,

21   together with defendant CORTEZ-PEREGRINO, delivered approximately

22   4,228 grams (9.3 pounds) of methamphetamine to defendant MURO.

23   <u>Overt Act No. 18:</u>   On November 4, 2021, defendant MURO

24   knowingly possessed with intent to distribute approximately 4,228

25   grams of methamphetamine.

26

27

28

1

COUNT TWO

2

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

3

[DEFENDANT MARTINEZ-CASTELO]

4

On or about July 27, 2021, in Los Angeles County, within the

5 Central District of California, defendant LUIS ALBERTO MARTINEZ-

6 CASTELO, also known as "Guero," knowingly and intentionally

7 distributed at least 50 grams, that is, approximately 222.9 grams, of

8 methamphetamine, a Schedule II controlled substance.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT MORABE]

On or about July 27, 2021, in Los Angeles County, within the Central District of California, defendant MARK FRANCISCO MORABE knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 222.9 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT FLORES-DELEON]

On or about September 29, 2021, in Orange County, within the Central District of California, defendant JOSE ZACARIAS FLORES-DELEON, also known as "Lentes," knowingly and intentionally distributed at least 40 grams, that is, approximately 114.6 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT CORTEZ-PEREGRINO]

On or about September 29, 2021, in Orange County, within the Central District of California, DAVID CORTEZ-PEREGRINO, also known as "Miguel Gonzalez Garcia," knowingly and intentionally possessed with intent to distribute at least at least 40 grams, that is, approximately 166 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)]

[DEFENDANT CORTEZ-PEREGRINO]

On or about September 29, 2021, in Orange County, within the Central District of California, DAVID CORTEZ-PEREGRINO, also known as "Miguel Gonzalez Garcia," knowingly and intentionally possessed with intent to distribute at least 500 grams, that is approximately 1,441.24 grams, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2]

[DEFENDANTS FLORES-DELEON AND CORTEZ-PEREGRINO]

On or about November 4, 2021, in Orange County, within the Central District of California, defendants JOSE ZACARIAS FLORES-DELEON, also known as ("aka") "Lentes," and DAVID CORTEZ-PEREGRINO, aka "Miguel Gonzalez Garcia," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 4,228 grams, of methamphetamine, a Schedule II controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT MURO]

On or about November 4, 2021, in Orange County, within the Central District of California, defendant EDWARD MURO knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 4,228 grams, of methamphetamine, a Schedule II controlled substance.

1                                FORFEITURE ALLEGATION

2                                [21 U.S.C. § 853]

3       1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4 Procedure, notice is hereby given that the United States of America

5 will seek forfeiture as part of any sentence, pursuant to Title 21,

6 United States Code, Section 853, in the event of any defendant's

7 conviction of the offenses set forth in any of Counts ONE through

8 EIGHT of this Indictment.

9       2.    Any defendant so convicted shall forfeit to the United

10 States of America the following:

11           (a)   All right, title and interest in any and all property,

12 real or personal, constituting or derived from, any proceeds which

13 the defendant obtained, directly or indirectly, from any such

14 offense;

15           (b)   All right, title and interest in any and all property,

16 real or personal, used, or intended to be used, in any manner or

17 part, to commit, or to facilitate the commission of any such offense;

18 and

19           (c)   To the extent such property is not available for

20 forfeiture, a sum of money equal to the total value of the property

21 described in subparagraphs (a) and (b).

22       3.    Pursuant to Title 21, United States Code, Section 853(p),

23 any defendant so convicted shall forfeit substitute property if, by

24 any act or omission of said defendant, the property described in the

25 preceding paragraph, or any portion thereof: (a) cannot be located

26 upon the exercise of due diligence; (b) has been transferred, sold

27 to, or deposited with a third party; (c) has been placed beyond the

28 jurisdiction of the court; (d) has been substantially diminished in

1  value; or (e) has been commingled with other property that cannot be

2  divided without difficulty.

3                                        A TRUE BILL

4

5                                 /s/ _____

6                                 Foreperson

7  JOSEPH T. MCNALLY
   Acting United States Attorney

8

9  *Lindsey Greer Dotson*

10 LINDSEY GREER DOTSON
   Assistant United States Attorney

11 Chief, Criminal Division

12 ANNE C. GANNON
   Assistant United States Attorney

13 Chief, Orange County Office

14 JENNIFER L. WAIER
   Assistant United States Attorney

15 Deputy Chief, Orange County Office

16 ROBERT J. KEENAN
   Assistant United States Attorney

17 Orange County Office

18

19

20

21

22

23

24

25

26

27

28